IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BEN STUCKEY, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-1250-JPG |
| | ) |
| ROGER MULCH | ) |
| and ALBERTA BROWN, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently a pretrial detainee at the Jefferson County Justice Center (Jail), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs after he fractured his arm in the jail.  More specifically, Plaintiff explains that on approximately October 9, 2012, he saved a fellow detainee from death or serious injury by breaking the inmate's fall from an upper deck of the jail (Doc. 1, p. 6).  Plaintiff's arm was broken in the rescue attempt.

Plaintiff immediately informed correctional and medical staff of his injury, but was made to wait in his cell for an hour and a half while the facility was locked down.  He then had to wait for at least another hour for the mobile x-ray unit to arrive.  The x-ray confirmed the fracture of his right forearm (Doc. 9, p. 4).  Plaintiff was treated with Ibuprofen and an Ace bandage wrap on his arm for six or seven days.  During this time, he was not allowed to remain in his cell, but instead was confined to the jail dayroom for over 15 hours per day.  The dayroom had no place for Plaintiff to rest other than on a blanket on the concrete floor.  Plaintiff was then released on a medical furlough to obtain further treatment for his arm.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, and despite the Court's admiration for Plaintiff's self-sacrifice in coming to the aid of his fellow prisoner, the undersigned Judge concludes that this action is subject to summary dismissal. However, the dismissal shall be without prejudice to Plaintiff bringing an action for damages in state court, should he wish to do so.

Pretrial detainees' claims for deliberate indifference to medical needs are considered under the due process clause of the Fourteenth Amendment. Detainees are entitled to the same protection against deliberate indifference as convicted inmates have under the Eighth Amendment. *See Williams v. Romana,* 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to a medical need, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

Here, Plaintiff's broken arm clearly qualifies as an objectively serious condition, and he made jail personnel aware of his need for medical attention. However, nothing in the complaint indicates an intentional disregard of the risk of harm to Plaintiff from that condition – he was given treatment for several days and then released so he could obtain treatment from an outside medical professional. Although he complains of the 2-1/2 to 3 hour delay before he got an x-ray, waits of this length or longer are common in hospital emergency rooms outside of jail. Further, pain medication and immobilization of the limb for several days may be proper treatment for a

fracture before a cast is applied. Plaintiff does not mention that he suffered any complications or detriment due to the time that elapsed before he was released from jail to obtain treatment. Nor does Plaintiff have a constitutional claim for being housed in the dayroom. Temporary discomfort and inconvenience do not implicate the constitution. *See Caldwell v. Miller*, 790 F.2d 589, 600-01 (7th Cir. 1986).

Prisoners are not constitutionally entitled to "demand specific care" or "the best care possible." Instead, their custodians are only required to take "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Even substandard care that constitutes negligence or malpractice does not rise to the level of a constitutional claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Sanville v. McCaughtry,* 266 F.3d 724, 734 (7th Cir. 2001); *Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). This Court makes no comment on the merits of Plaintiff's claim for damages if it were brought in state court, but that is where his remedy, if any, must lie.

In light of the dismissal of this action, the pending motion for appointment of counsel (Doc. 2) is **DENIED AS MOOT**.

**Disposition**

For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted. Defendants **MULCH** and **BROWN** are **DISMISSED** from this action without prejudice.

Plaintiff is **ADVISED** that this dismissal must count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). A dismissal without prejudice is counted as a strike, so long as the dismissal is made because the action is frivolous, malicious, or fails to state a claim. *See Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011); *Evans v. Ill. Dep't of Corr.*, 150 F.3d

810, 811 (7th Cir. 1998).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  January 28, 2013**

                                                s/J. Phil Gilbert
                                                **United States District Judge**